UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| AMERICA'S WHOLESALE LENDER, INC. ) | CIVIL ACTION |
| ) | NO. 3:11-cv-1493 (CFD)(TPS) |
| Plaintiff, ) | |
| ) | |
| VS. ) | |
| ) | |
| JAN VAN ECK a/k/a HERMAN VAN ECK a/k/a ) | |
| HERMAN JAN VAN ECK a/k/a MAURICE VAN ) | |
| ECK a/k/a MAURITS VAN ECK a/k/a GEORGE | |
| TOMAS | SEPTEMBER 29, 2011 |
| Defendant | |

## DECLARATION OF DENNIS BELL IN SUPPORT OF PRELIMINARY RELIEF

The undersigned, being duly sworn, hereby deposes and says:

1. I am over the age of eighteen (18) and believe in the obligations of an oath.

2. I have personal knowledge of the facts set forth in this declaration and submit this declaration in further support of Plaintiff's request for preliminary relief as I have conducted further investigations into the actions and conduct of Defendant since I executed my September 27, 2011 declaration and have discovered additional instances of fraud and conversion by Defendant.

3. Again, I am the President of Plaintiff America's Wholesale Lender, Inc. ("AWL"). AWL has an office located at 875, Suite 501, Avenue of the Americas, New York, NY.

4. Since executing my last declaration on September 27, 2011, I have travelled to California and have been investigating the circumstances that led AWL to commence this action in the first place. I have discovered that the fraud perpetrated

against AWL is much bigger than just the theft of funds relating to the Burk lawsuit ($260,000.00) I discussed in my prior declaration.

5. I have been provided with documentation from my counsel filed in other lawsuits commenced in Orange County Superior Court in the State of California which appear to follow the same pattern of fraud as the Burk lawsuit.

### The Crawford Lawsuit

6. I have reviewed the Settlement Agreement, Stipulation For Entry of Judgment and Judgment ("Crawford Agreement") filed by Global Capital Law (this is the entity with which Attorney Diane Beall, the lawyer in the Burk Lawsuit, works) in the action captioned: Celia Calco-Crawford v. America's Wholesale Lender, Mortgage Electronic Registration Systems, Inc., et al., Case No. 30-2011-00483557, Superior Court of the State of California, County of Orange, Central Justice Center, Unlimited Jurisdiction (The "Crawford Action"). A copy of the Crawford Agreement is annexed as Exhibit A to the accompanying Declaration of Scott S. McKessy.

7. AWL was never aware of the Crawford Action and never participated in that action. According to the Crawford Agreement, Defendant Van Eck executed that agreement purporting to act upon the behalf of AWL.

8. Defendant had no authority to execute any such document – and he knew that.

9. Defendant never informed AWL that he was involved in any action in California, let alone that he was purporting to act on the behalf of AWL in connection with the Crawford Action.

10. Defendant never informed AWL that he was executing the Crawford Agreement.

11. More specifically, the Crawford Agreement called for $122,000.00 to be paid to AWL. AWL was never paid this $122,000.00. These funds are believed to have been paid to Defendant or to an account which he controls. Defendant had no authority to accept these or any other funds belonging to AWL.

12. Moreover, upon review of the Proofs of Service filed in the Crawford Action, service was purportedly mailed to AWL's corporate offices in New York City by Brian Davies of Global Capital Law, with service of those papers being accepted on the behalf of AWL by DEFENDANT. A copy of the Proofs of Service are annexed as Exhibit B to the Declaration of Scott S. McKessy.

13. Defendant is not authorized to accept service on behalf of AWL.

14. Process of this nature is not directed to Defendant.

15. My office is located at 875 Avenue of the Americas in New York City and, to my knowledge, Defendant has never been to AWL's corporate offices at 875 Avenue of the Americas.

16. AWL has no indication that any documents relating to the Crawford Action were ever delivered to AWL's offices.

**The Wells Lawsuit**

17. Another lawsuit in which I have just learned is one involving a Merry B. Wells. Her suit is captioned: <u>Merry B. Wells v. America's Wholesale Lender, Mortgage Electronic Registration Systems, Inc. ,et al.</u>, Case No. 30-2011-00485562, Superior Court of the State of California, County of Orange, Central Justice Center, Unlimited

Jurisdiction (The "Wells Action"). My counsel provided me a copy of a Settlement Agreement, Stipulation For Entry of Judgment and Judgment ("Wells Agreement") that was filed in that action for review. A copy of the Wells Agreement is annexed to the accompanying Declaration of Scott S. McKessy as Exhibit C. Ms. Wells is represented in her action by Attorney Diane Beall.

18. The Wells Agreement also purports to be executed by DEFENDANT on the behalf of AWL. AWL, however, was never aware of the Wells Action and never participated in that action. According to the Wells Agreement, Defendant Van Eck executed the agreement purporting to act upon the behalf of AWL.

19. Defendant had no authority to execute any such document – again, he knew that.

20. Defendant never informed AWL that he was purporting to act on the behalf of AWL in connection with the Wells Action – as I previously stated, California was not even Defendant's territory.

21. Defendant never informed AWL that he was executing the Wells Agreement.

22. More specifically, the Wells Agreement called for $215,000.00 to be paid to AWL. AWL was never paid this $215,000.00, but based upon an email message I received from Ms. Wells I do not believe she has paid that amount yet. A true and correct copy of that correspondence is annexed to the accompany Declaration of Scott S. McKessy as Exhibit D. This is yet another example of the attempted fraud being perpetrated by Defendant upon AWL.

23. I also reviewed the Proofs of Service filed in the Wells Action. Copies of the Proofs of Service are annexed to the accompanying Declaration of Scott S. McKessy as Exhibit E. Those Proofs claim that notices of the Wells Lawsuit were sent to AWL's corporate offices in New York City: 875 Avenue of the Americas – this is AWL's only address in New York City. The acknowledgements, however, claim that Tracy Johnson, purporting to be an Assistant Vice President of AWL, accepted service on behalf of AWL.

24. There is no Tracy Johnson that works for AWL in the New York office – nor anywhere elsewhere in the company for that matter. Indeed, the New York office has four total employees: myself, Adam Fuller, Jack Tannenbaum and Bernadette Broder. All process and mail that comes in to AWL in New York is directed to Ms. Broder who then distributes the mail as appropriate. I would receive all pleadings and correspondence relating to lawsuits – I never received anything relating to either the Wells Lawsuit or the Crawford Lawsuit. Indeed, in the Burks Lawsuit, the Proof of Service I reviewed therein indicated that Tracy Johnson was an Assistant Vice President **of MERS** (not AWL) who acknowledged receipt of service of the Burk Lawsuit **on the behalf of MERS** (not AWL). Indeed, the mail for which Tracy Johnson purportedly acknowledged she received was directed to an address in **Danville, Illinois**. AWL does not have an office in Danville, Illinois. A copy of this Proof of Service is annexed to the Declaration of Scott S. McKessy as Exhibit F.

25. The scope of this fraud keeps escalating, with more and more transactions being uncovered on a daily basis.

26. Immediate need for preliminary injunctive relief exists in order to stop the theft of AWL funds by Defendant, stop this fraud, and to protect the innocent home owners who may believe they are entering into legitimate loan modifications. The reality is they are also victims of this fraud as they could face suit to undo the fraudulent loan modifications after having paid Defendant, and his partners, for "services" relating to their sham "debt relief" program.

I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

Executed on September 29, 2011

*[signature]*
Dennis Bell