UNITED STATES DISTRICT COURT FILED
DISTRICT OF CONNECTICUT

| | |
|---|---|
| AMERICA'S WHOLESALE LENDER, INC. ) | CIVIL ACTION 2011 OCT -7 P 3:38 |
| ) | No. 3:11-cv-1493 (CFD)(TPS) |
| Nominal Plaintiff, ) | US DISTRICT COURT |
| ) | |
| vs. ) | T.P. SMITH, J. |
| ) | |
| MAURICE VAN ECK, ) | |
| Defendant ) | OCTOBER 04, 2011 |
| ) | |

## MOTION TO VACATE EX-PARTE PRE-JUDGMENT REMEDY

The undersigned, defendant in the above-captioned civil action, hereby respectfully Motions this Court to vacate the pre-judgment remedies, granted ex-parte, as applied for by the nominal Plaintiff herein. In further support of this Motion, the defendant maintains as follows:

1. The entirety of the mounds of paper submitted by Plaintiff by counsel McKessy recites allegations by one Dennis Bell, recounting his belief that that sum of $260,000 has been "stolen" from him by defendant (Bell treats the Company, plaintiff herein, and himself as interchangeable). In reality, all that has been proffered to the Court in support of this outlandish proposition is a copy of a certain cashier's check, made by a third-party in California and to the payee Chase Merritt Fund I, LLC, a Nevada Corporation.

2. There is no evidence before the Court that the funds so described ever belonged to the Plaintiff.

3. There is no evidence before the Court that the funds so described were paid to the defendant, or to any account over which the Defendant has any signatory authority.

4.     There is no evidence that defendant is involved in a "conspiracy" against Plaintiff or against Declarant, representations made by counsel for Plaintiff notwithstanding, and ample evidence to suggest that Declarant is in an altered mental state.

5.     The Court is confronted with but one salient fact: that a non-party has issued a cashier's check to another non-party. While the circumstances surrounding that event remain unclear, there is no evidence before the Court that any of this, which took place in California, lies within the Jurisdiction of a Federal Court in Connecticut. Nor is there any evidence that the circumstances of this check are adverse to either Plaintiff or defendant.

6.     Plaintiff's Declarant has been repeatedly adjudged by at least three Federal Courts of not being credible, and has been repeatedly Sanctioned for his misconduct in multiple State and Federal Courts.

7.     Declarant through "plaintiff" seeks to render the Company insolvent by removing its funds to an account in Illinois that he controls. Declarant has a pattern of improperly disbursing and co-mingling funds of the Company with his own.

8.     The balance of the equities lies in favor of immediate vacating of the *ex-parte* pre-judgment remedy, in which the Plaintiff by counsel has not been candid with the Court.

WHEREFORE, defendant Motions this Court to vacate the pre-judgment remedy previously granted, without hearing, *ex-parte*.

BY THE DEFENDANT,

*[signature]*

MAURICE VAN ECK
177 E. 77th St, NY NY
c/o  DONOVAN and DONOVAN
    123 Elm Street
    Old Saybrook, CT 06475

For mailed items:
P.O. Box 16
Ivoryton CT 06442-0016
Tel:   347-291-6409

Certificate of Service
Certified served by deposit into mails or by hand delivery onto Halloran and Sage, LLP, 225 Asylum Street, Hartford CT 06103,
On October 07, 2011:

*[signature]*
Defendant